# In the United States Court of Federal Claims
(Pro Se)

|  |  |
|---|---|
| STANLEY E. KORNAFEL, ) | |
| Plaintiff, ) | |
| ) | No. 22-775C |
| v. ) | (Filed: August 1, 2022) |
| ) | |
| THE UNITED STATES OF AMERICA, ) | |
| Defendant. ) | |

## **ORDER**

**KAPLAN, Chief Judge.**

      Pro se plaintiff Stanley Kornafel filed a complaint in the above-captioned case seeking to challenge proceedings in state court concerning a car he purchased in 2015. See Compl. at 2–6, Docket No. 1.[1] As with the most recent complaint Mr. Kornafel filed in the Court of Federal Claims, see Kornafel v. United States, No. 21-1821C, 2022 WL 838434, at *1 (Fed. Cl. Mar. 18, 2022), he appears to argue that unfavorable outcomes in state and federal district court proceedings violated his constitutional rights, see Compl. at 2–3, 6; see also Ex. to Compl. (Chester County Court of Common Pleas, Appeal Docket Sheet dated May 9, 2017), Docket No. 1-2. He seeks "[m]onetary compensation" or, in the alternative, that his case be "remand[ed] . . . back to the state court for proper jury trial between [himself] and the automobile agency and owner." Compl. at 6.

      For the reasons discussed below, the Court has determined that it lacks jurisdiction over Mr. Kornafel's claims, and his Complaint must therefore be dismissed.[2]

      Jurisdiction is a threshold matter, Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94–95 (1998), and the Court has an independent obligation to satisfy itself of its jurisdiction,

---

[1] Along with his Complaint, Mr. Kornafel filed a motion for leave to proceed in forma pauperis. Docket No. 2. For purposes of determining jurisdiction, Plaintiff's application will be granted.

[2] The facts set forth below are based on allegations in Plaintiff's Complaint and attached exhibit, which the Court accepts as true solely for purposes of determining jurisdiction. See Rocovich v. United States, 933 F.2d 991, 993 (Fed. Cir. 1991) (explaining that the Court may go outside of the pleadings when ruling on a motion to dismiss under RCFC 12(b)(1) and "inquire into jurisdictional facts" to determine whether it has jurisdiction).

Arbaugh v. Y&H Corp., 546 U.S. 500, 506–07, 514 (2006). The Court may therefore raise the issue of subject-matter jurisdiction on its own at any time without a motion from a party. Folden v. United States, 379 F.3d 1344, 1354 (Fed. Cir. 2004). "If the [C]ourt determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Rule 12(h)(3) of the Rules of the Court of Federal Claims ("RCFC"); see also Arbaugh, 546 U.S. at 506–07, 514 (stating that courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party"). And while it is well established that complaints filed by pro se plaintiffs are held to "less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520 (1972), even pro se plaintiffs must persuade the Court that jurisdictional requirements have been met, Bernard v. United States, 59 Fed. Cl. 497, 499, aff'd, 98 F. App'x 860 (Fed. Cir. 2004); see also Zulueta v. United States, 553 F. App'x 983, 985 (Fed. Cir. 2014) ("[T]he leniency afforded to a pro se litigant with respect to mere formalities does not relieve the burden to meet jurisdictional requirements." (quoting Kelley v. Sec'y, U.S. Dep't of Lab., 812 F.2d 1378, 1380 (Fed. Cir. 1987))).

The Tucker Act grants the Court of Federal Claims the power "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). That statute is, however, solely jurisdictional, and "does not create any substantive right enforceable against the United States for money damages." United States v. Testan, 424 U.S. 392, 398 (1976). A plaintiff must therefore establish that "a separate source of substantive law . . . creates the right to money damages." Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1306 (Fed. Cir. 2008) (quoting Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part)).

In this case, Mr. Kornafel has failed to plausibly allege any claims over which this Court could exercise jurisdiction. His Complaint makes vague allegations that his constitutional rights were violated during the aforementioned state and federal court proceedings. He cites 42 U.S.C. § 1983, a civil rights statute that creates a cause of action against state and local officials, Compl. at 2, but, as this Court has previously explained to Mr. Kornafel, "Congress has expressly committed jurisdiction over claims brought under civil rights statutes, like 42 U.S.C. § 1981 [and § 1983], to the United States district courts," Allen v. United States, No. 2020-2143, 2022 WL 186067, at *2 (Fed. Cir. Jan. 20, 2022), and "[t]he Court of Federal Claims is not a district court of the United States," Ledford v. United States, 297 F.3d 1378, 1382 (Fed. Cir. 2002); see also 28 U.S.C. § 1343(a)(1) ("The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person . . . [t]o recover damages for . . . the deprivation of any right or privilege of a citizen of the United States," or "[t]o recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights . . . .").

As to his claims that sound in tort, see Compl. at 2–4 (alleging fraud, misrepresentation, and "misconduct"), the Tucker Act expressly excludes such claims from this Court's jurisdiction, see 28 U.S.C. § 1491(a)(1) (stating that the "Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States . . . in cases not sounding in tort");

Keene Corp. v. United States, 508 U.S. 200, 214 (1993) (stating that "tort cases are outside the jurisdiction of the Court of Federal Claims").[3]

In short, Mr. Kornafel has failed to identify a money-mandating source of law which could supply this Court with jurisdiction over his claims. His Complaint therefore must be dismissed.

## CONCLUSION

For the reasons set forth in the foregoing, Mr. Kornafel's Complaint, Docket No. 1, is **DISMISSED**. For purposes of dismissing the Complaint for lack of subject-matter jurisdiction, his application to proceed in forma pauperis, Docket No. 2, is **GRANTED**.

Additionally, the Court notes that Mr. Kornafel has filed four prior complaints in the Court of Federal Claims. See Kornafel v. United States, No. 21-1821C, 2022 WL 838434, at *1 (Fed. Cl. Mar. 18, 2022); Kornafel v. United States, No. 20-1655C, 2021 WL 2661430, at *1 (Fed. Cl. June 29, 2021); Kornafel v. United States, No. 00-486C (Fed. Cl. Aug. 16, 2000), denial of mot. for recons. aff'd, 55 F. App'x 551, 552 (Fed. Cir. 2003); Kornafel v. United States, No. 99-100C (Fed. Cl. Mar. 11, 1999), aff'd, 215 F.3d 1346 (Fed. Cir. 1999). All were dismissed for lack of subject-matter jurisdiction.[4]

Mr. Kornafel is therefore **ENJOINED** from filing any new submissions with the Court of Federal Claims without first obtaining leave from the Chief Judge to do so. Any motion for leave to file must include an explanation of why the complaint is properly before this court and unrelated to any prior litigation Mr. Kornafel has pursued, and must identify the source of law supporting this court's jurisdiction over the claims asserted.

The Clerk of the Court is directed to reject all future correspondence from Mr. Kornafel unless filed by leave of the Court.

---

[3] To the extent that Mr. Kornafel seeks to challenge the outcome of the court proceedings discussed in his Complaint, see Compl. at 5, it is axiomatic that this Court lacks the jurisdiction to review decisions of state or federal district courts, see, e.g., Jones v. United States, 440 F. App'x 916, 918 (Fed. Cir. 2011); Innovair Aviation Ltd. v. United States, 632 F.3d 1336, 1344 (Fed. Cir. 2011) ("[T]he Court of Federal Claims 'does not have jurisdiction to review the decision[s] of district courts' and 'cannot entertain . . . claim[s] that require[] the court to scrutinize the actions of another tribunal.'" (quoting Vereda Ltda. v. United States, 271 F.3d 1367, 1375 (Fed. Cir. 2001))).

[4] Mr. Kornafel has also previously filed at least three lawsuits in the United States District Court for the Eastern District of Pennsylvania concerning the same state court litigation he ostensibly seeks to challenge here. See, e.g., Kornafel v. Del Chevrolet, No. 20-CV-4991, 2021 WL 26969, at *1 (E.D. Pa. Jan. 4, 2021) (imposing an anti-filing injunction "against him based on his prior conduct of submitting repetitive baseless lawsuits about his purchase of a car from Del Chevrolet and state court litigation relating to the car").

**IT IS SO ORDERED.**

*Elaine D. Kaplan*
ELAINE D. KAPLAN
Chief Judge